**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NICK FRONTCZAK and
MICHAEL VALENTINO,

    Plaintiffs,

v.                                                                         Case No. 18-13781

CITY OF DETROIT, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND
DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**

Following the denial of class certification, Plaintiffs individually filed the instant complaint on December 6, 2018. Plaintiffs sue Defendant City of Detroit and various City of Detroit police officers for constitutional violations stemming from what Plaintiffs allege was an illegal search of their lawful marijuana grow facility and residence on March 20, 2014. Currently pending before the court is Defendants' Motion to Dismiss the complaint in its entirety and Plaintiffs' Motion to Amend the complaint. Defendants' argue that the complaint contains insufficient factual details to sustain the claims alleged and requests legally prohibited damages. Plaintiffs respond that their proposed amended complaint will remedy all of the pleading deficiencies targeted by Defendants' motion. The court has reviewed the briefing and concludes that a hearing is not necessary. *See* E.D. Mich. 7.1(f)(2). For the reasons explained below, the court will grant Plaintiffs' motion to amend and will deny as moot Defendants' motion to dismiss.

**I. STANDARD**

Federal Rule of Civil Procedure 15(a)(1) authorizes the amendment of pleadings as a matter of right within 21 days of service. When, as here, a party seeks to amend a pleading outside of the time to amend as a matter of right, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial may be appropriate, however, where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The ultimate decision to grant or deny leave to amend a pleading is left to the sound discretion of the district court. *See Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

**II. DISCUSSION**

Plaintiffs argue that amendment will cure all of the issues raised in Defendants' 12(b)(6) motion and that Defendants will not be prejudiced by amendment. Additionally, Plaintiffs maintain that their request for amendment is made in good faith—Plaintiffs highlight Defendants' failure to raise the issue of pleading defects until after the parties submitted a joint discovery plan and emphasize their promptness in requesting amendment after the filing of Defendants' motion.

Defendants do not claim that they will be prejudiced by amendment. Instead, Defendants' opposition to Plaintiffs' motion is based almost entirely on Defendants' assertion that Plaintiffs intentionally omitted important factual details from the original complaint. The omission of such details, Defendants argue, is inexcusable because the

attorneys representing Plaintiffs are the same attorneys who previously filed the failed class action precipitating the instant complaint. Defendants contend that Plaintiffs drafted a "vague, bare-bones complaint in order to conceal [their] theories and gain a tactical advantage." (ECF No. 39, PageID.541.)

The court is not persuaded that Plaintiffs' decision to omit from the original complaint factual allegations now presented in the proposed amended complaint amounts to gamesmanship or bad faith, especially considering that the class action complaint was sustained on similar factual allegations and not subject to 12(b)(6) challenge by Defendants. Plaintiffs have promptly requested amendment following Defendants' first challenge to the sufficiency of the complaint and, based on Defendants' failure to present any argument to the contrary, the court finds that amendment will not cause any undue prejudice to Defendants given the early stage of discovery in this case. The court is satisfied that the liberal standard announced in Rule 15 supports granting Plaintiffs' request for amendment. *See Morse*, 290 F.3d at 800 ("Rule 15 plainly embodies a liberal amendment policy.").

Defendants also argue that amendment is futile as to claims brought by Plaintiff Valentino because the proposed amended complaint contains no allegations that "defendant officers did anything to Valentino." (ECF No. 39, PageID.544.) The court disagrees. The proposed amended complaint states that Valentino resided at the property which Defendants illegally searched. Such allegations are sufficient to give rise to a Fourth Amendment claim because as a resident of the property, Valentino would have a "'legitimate expectation of privacy' in the place[] searched. " *United States v. Garcia*, 496 F.3d 495, 503 n.3 (6th Cir. 2007) (quoting *United States v. King*, 55 F.3d

1193, 1195 (6th Cir. 1995)); *see also Minnesota v. Olson*, 495 U.S. 91, 96–97 (1990) (holding that a temporary, overnight guest had a reasonable expectation of privacy and, therefore, Fourth Amendment standing to challenge a warrantless search of his host's home); *see generally O'Connor v. Ortega*, 480 U.S. 709 (1987) (applying the "reasonable expectation of privacy" standard to a civil action for Fourth Amendment violations). Defendants need not physically interact with or harm Plaintiffs to cause an actionable constitutional violation. In the proposed amended complaint, Plaintiffs allege that they suffered "emotional distress, humiliation, anguish, embarrassment, and loss of their valuable property" as a result of the violations alleged. (ECF No. 36-6, PageID.430.) Such injuries can sustain a claim for the violation of Plaintiffs' Fourth Amendment rights. *See Shamaeizadeh v. Cunigan*, 338 F.3d 535, 546 (6th Cir. 2003) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986)) ("[A] § 1983 plaintiff can seek damages for pain, suffering, embarrassment, and humiliation.").

### III. CONCLUSION

Based on the liberal pleading standard articulated in Rule 15(a) and the facts described above, the court is persuaded that amendment is appropriate. The court will grant Plaintiffs' motion and will allow Plaintiffs' to file an amended complaint. The filing of the amended complaint will moot Defendants' pending motion to dismiss. Accordingly,

IT IS ORDERED that Plaintiffs' Motion to File an Amended Complaint (ECF No. 36) is GRANTED and is to be filed within seven (7) days.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 32) is DENIED AS MOOT.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: October 15, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2019, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-13781.FRONTCZAK.motion.to.amend.complaint.dismiss.HEK.docx