## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

NICK FRONTCZAK, as the Public
Administrator for the Estate of MICHAEL
McSHANE, deceased,

               Plaintiff,

v.                                                                                           Case No. 18-13781

CITY OF DETROIT, et al.,

               Defendants.
_____/

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE CORRECTED AFFIDAVITS AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SEALED EXHIBIT

    Plaintiff Michael McShane, though the administrator of his estate Nick Frontczak brings the present action centered on a 42 U.S.C. § 1983 claim. Defendants have filed two summary judgment motions that are currently pending before the court. (ECF Nos. 84, 85.) Subsequently, Defendants brought two additional motions seeking to remedy perceived deficiencies in exhibits they filed in support of summary judgment. First, Defendants bring a "motion for leave to file corrected declarations," seeking permission to replace electronic signatures on declarations with wet ink signatures. (ECF No. 99.) Second, Defendants bring a "motion to file sealed exhibit in further support of summary judgment." (ECF No. 94.) The motions have been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. R. 7.1(f)(2). The court will grant the motion to file corrected signatures on the declarations because Plaintiff experiences no prejudice from this correction. The court will grant the motion to file a sealed affidavit as Defendants have presented a credible claim of deliberative process privilege.

## I. BACKGROUND

Plaintiff filed this suit in December 2018, centered on a 42 U.S.C. § 1983 claim. (ECF No. 1.) Plaintiff alleges that Defendants, several Detroit Police officers, searched his home and seized property contrary to the Fourth Amendment, albeit pursuant to a search warrant, which in turn is claimed to be invalid. Plaintiff operated a marijuana grow facility at his residence in Ferndale, Michigan. (ECF No. 43, PageID.642.) The parties dispute Plaintiff's status as a medical marijuana caregiver and Plaintiff's compliance or noncompliance with the Michigan Medical Marihuana Act. (ECF No. 70, PageID.1503.)

Discovery began in May 2019 but did not close until September 2020. (ECF No. 82.) Defendants then filed two motions for summary judgment on October 23, 2020. (*See* ECF Nos. 84, 85.) A plethora of exhibits were attached in support of the motions, including eight declarations by various Detroit Police Department employees signed electronically by the declarants. (*See* ECF Nos. 84-8, 84-9, 84-10, 84-11, 84-12, 84-13, 84-17, 84-22.) The summary judgment motions these exhibits support remain pending. And on December 22, 2020, Defendants filed a motion seeking to file corrected versions of these declarations with wet ink signatures in order to head off any questions about the validity of the declarations. (ECF No. 99, PageID.4272-73.)

Defendants also subsequently filed a reply brief in support of their summary judgment motion on November 27, 2020 and appended further exhibits. (ECF No. 92.) These exhibits include a redacted report prepared by the Wayne County Prosecutor's Conviction Integrity Unit. (ECF No. 93-2.) The report addresses an overturned wrongful 2012 narcotics conviction which Plaintiff contends was precipitated by a fraudulent

2

affidavit prepared by Detroit officer Stephen Geelhood. Officer Geelhood is a Defendant in the current action and was involved in the execution of the search warrant on Plaintiff's residence. (*See id*; ECF No. 96, PageID.4221.) Defendants contend that the contents of this report refute the Wayne County Prosecutor's official press release, which had blamed the wrongful conviction on "fraudulent search warrant affidavits and other activities by highly unethical and compromised narcotic police officers." (ECF No. 94, PageID.4197-98; ECF No. 89-15, PageID.3418-19) To support its view, Defendants have filed the present motion seeking permission to submit an unredacted copy of the Conviction Integrity Unit's internal report as a sealed exhibit in support of their reply brief. (*See* ECF No. 94.)

## II. DISCUSSION

### A. Motion to file corrected declarations

The court will first address Defendants' motion to file corrected declarations in support of summary judgment. The court has reviewed both versions of the declarations. (ECF Nos. 84-8, 84-9, 84-10, 84-11, 84-12, 84-13, 84-17, 84-22, 99-1.) They appear to be substantively identical, with only one difference between them: the original declarations contain an electronic signature, while the new versions all bear the declarant's signature in wet ink. Defendants seek to file corrected versions of the affidavit with wet signatures because this district has previously "interpreted the Court's Electronic Filing Rules to mean that non-attorneys cannot electronically sign declarations." (ECF No. 99, PageID.4268.) *See* E.D. Mich. Elec. Filing R. 10(d); *Johnson v. Ford Motor Company*, 2019 U.S. Dist. LEXIS 472 at *23, n.3 (E.D. Mich. January 2, 2019) (Borman, J.). And, the Sixth Circuit has stated that "[u]nsigned

3

affidavits do not comply with Fed. R. Civ. P. 56(e)." *Nassif Ins. Agency, Inc. v. Civic Prop. & Cas. Co.*, No. 03-2618, 2005 WL 712578, at *3 (6th Cir. Mar. 30, 2005).

Plaintiff opposes the request because he contends that the December 22, 2020 request was filed too late. (ECF No. 100, PageID.4310 (citing ECF No. 87, PageID.3091-92).) Second, Plaintiff contends that it is improper to bring such a request through an "ex parte" motion. (ECF No. 100, PageID.4312.)[1]

In support of his position, Plaintiff cites a 2010 summary judgment decision where this court declined to consider an obviously deficient affidavit submitted by a party. *Trustees of Iron Workers Loc. 25 Pension Fund v. Crawford Door Sales, Inc.*, No. 09-CV-12370-DT, 2010 WL 1526363, at *5 n.2 (E.D. Mich. Apr. 16, 2010) (rejecting an affidavit "for many reasons" including the lack of a listed notary public, use of an electronic signature, and lack of proper language) (Cleland, J.). First, as a substantive matter, the affidavit in *Crawford* was defective in many respects. It did not turn on the unpermitted use of an electronic signature.

But even if the court assumes *arguendo* that the use of the electronic signature by itself is sufficient to invalidate each declaration at issue here, Plaintiff has failed to demonstrate that any prejudice would result from allowing the Defendants to correct their mistake. The court has not yet ruled on the summary judgment motion the declarations proport to support. The substance of the affidavit will not be changed by replacing the signatures so "[P]laintiff had notice of their contents" and therefore is unable to show prejudice. *Leininger v. Reliastar Life Ins. Co.*, No. 2:06-CV-12249, 2007

---

[1] At this stage, Plaintiff's objection to the *ex-parte* nature of Defendants' motion is moot because he has been afforded an opportunity to provide a response.

4

WL 2875283, at *6 (E.D. Mich. Sept. 28, 2007). Courts in this circuit have regularly allowed the correction of improper or missing signatures on affidavits because such a correction generally does not prejudice the opposing party. *See, id*; *Welch v. Level 3 Communications, LLC*, 2017 U.S. LEXIS 85974 at *2-3 (E.D. Mich. March 9, 2017) (Tarnow, J.); *Wilson v. Hill*, 2012 WL 1068174, at *2 n.3 (S.D. Ohio Mar. 29, 2012).

While Defendants should have moved to correct this deficiency sooner, the court finds ample reason to give Defendants an opportunity to file their corrected declaration. Defendant provided adequate notice of the deficiency before the court considered the issue of summary judgment, and Plaintiff will suffer no prejudice by the granting of this motion.

### B. Motion to file sealed exhibit

The court next addresses Defendants' motion to file a sealed, unredacted copy of an internal memo prepared by the Wayne County Prosecutor's Conviction Integrity Unit. Plaintiff contends that filing a sealed copy of the memo would protect the prosecutor's privilege while allowing Defendants to use the memo to show that Defendant Geelhood had not actually engaged in fraudulent conduct when obtaining and executing a search warrant in a previous case. (*See* ECF No. 94.) Defendants do not seek to seal the factual findings presented in the Conviction Integrity Unit's memo. (*Id.*, PageID.4201.) Rather, Defendants request to seal approximately one page of the six-page memo containing the report's "conclusion and recommendation." (*Id.*) Plaintiff opposes the motion and argues that the court should not rely on the memorandum at all because it is "replete with hearsay" and doesn't fall within the "deliberative process privilege." (ECF No. 96, PageID.4225-26.)

5

A party seeking to seal an exhibit bears the burden of presenting compelling reasons that justify the non-disclosure since "courts have long recognized. . . a strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quotations omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id* (citation omitted).

At this stage, the court concludes that Defendants have presented a credible claim of deliberative process privilege so the court will allow Defendants to present an unredacted copy of the exhibit under seal. "[D]eliberative process privilege protects from discovery 'intra-governmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Sanford v. City of Detroit*, 355 F. Supp. 3d 619, 623 (E.D. Mich. 2019) (quoting *Liuzzo v. United States*, 508 F.Supp. 923, 937 (E.D.Mich.1981)). "To come within the protection of the deliberative process privilege, the material must of necessity be 'deliberative' or 'evaluative.'" *Id.* Reviewing the redacted version of the memo, already filed as an exhibit, the court concludes that its contents are evaluative in nature and the redacted conclusion of such a memo appears to be part of the prosecutor's internal decision-making process. (*See* ECF No. 93-2.) Defendants' suggestion that such decision-making would implicate the privilege appears credible. Furthermore, since Defendants' request to seal only a small portion of the memo, containing its conclusion and recommendation, the request is narrowly tailored as it allows the public to view the vast majority of the exhibit's contents.

6

Plaintiff does not contest such a conclusion head-on. Instead, he argues that deliberative process privilege should be denied here because "'there is reason to believe that the documents [or testimony] sought may shed light on government misconduct.'" (ECF No. 96, PageID.4226 (quoting *Libertarian Party of Ohio v. Husted*, 33 F. Supp 914, 919 (N.D. Ohio 2014).) A review of the *Libertarian Party of Ohio* opinion, however, shows that it is inapplicable to the present scenario. 33 F. Supp. 3d at 919-20. The opinion finds a narrow exception to the deliberative process privilege where there is "misconduct or deficiencies *in the deliberative process*" itself. *Id.* (emphasis added). In other words, the holding only applies when misconduct is alleged during the report's preparation. *Id.* Here, Plaintiff does not claim untoward conduct occurred during the Wayne County Prosecutor's review, in fact quite the opposite. Plaintiff's own summary judgment briefing relies on a press release stating the prosecutor's final conclusion on the validity of the previous conviction addressed in the memo. (*See* ECF No. 87, PageID.3118.) Therefore, the court finds Plaintiff's argument against the applicability of deliberative process privilege to be unavailing and the court finds that it is appropriate to file the unredacted version of the memo under seal.[2]

---

[2] The fact that the proposed exhibit may be "replete with hearsay" is irrelevant to the issue of whether it should be sealed. (*See* ECF No. 96, PageID.4225-26.) "[W]hen deciding a summary judgment motion," it is "well established that a court may not consider hearsay" not otherwise "admissible at trial." *Tranter v. Orick*, 460 F. App'x 513, 514-15 (6th Cir. 2012) (citing *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir.2009)). But the court will make such a determination later when reviewing the exhibit's contents for summary judgment purposes.

7

### III. CONCLUSION

Defendants have demonstrated that the submission of corrected affidavits will not prejudice the Plaintiff. Defendants have also shown a credible claim of deliberative process privilege so an unredacted copy of the Wayne County Prosecutor's Conviction Integrity Unit memo may be filed under seal. Accordingly,

IT IS ORDERED that Defendants' "Ex Parte MOTION for leave to file corrected declarations" (ECF No. 99) is GRANTED.

IT IS ORDERED that Defendants' "MOTION to file sealed exhibit in further support of summary judgment" (ECF No. 94) is GRANTED.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 19, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 19, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett for Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\18-13781.FRONTCZAK.MotionToSealAndLeaveToFile.AAB.2.docx