**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

NICK FRONTCZAK, as the Public
Administrator for the Estate of MICHAEL
McSHANE, deceased,

            Plaintiff,

v.                                            Case No. 18-13781

CITY OF DETROIT, et al.,

            Defendants.
_____/

**AMENDED OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER**[1]

      Almost sixty days after the dispositive motion deadline had expired, Defendants filed a "Motion for Leave to File Motion to Dismiss Certain Claims as Time Barred" pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 97.) The motion has been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. R. 7.1(f)(2). The court interprets Defendants' motion as a request to modify the dispositive motion deadline. Because Defendants have demonstrated good cause to modify the scheduling order, permission to file the motion is granted. But the court also concludes that the motion is best filed as a motion for summary judgment under Federal Rule of Civil Procedure 56.

---

[1] The court amended the opinion to correct nonmaterial typographical errors. The reasoning and holdings of the court have not changed.

# I. BACKGROUND

Plaintiff filed this suit in December 2018, centered on a 42 U.S.C. § 1983 claim. (ECF No. 1.) Plaintiff alleges that Defendants, several Detroit Police officers, searched his home and seized property pursuant to an allegedly invalid search warrant and therefore violated the Fourth Amendment. Plaintiff operated a marijuana grow facility at his residence in Ferndale, Michigan. (ECF No. 43, PageID.642.) The parties dispute Plaintiff's status as a medical marijuana caregiver and Plaintiff's compliance or noncompliance with the Michigan Medical Marihuana Act. (ECF No. 70, PageID.1503.)

Plaintiff alleges that the present case was part of a larger pattern of conduct targeting legitimate marijuana grow facilities. (ECF No. 43, PageID.644.) He contends that Defendants routinely engaged in "the types of illegal searches and seizures described" in the present complaint. (*Id.*) Plaintiff was originally part of the "putative class members in the prior case of *Timothy and Hatema Davis v. City of Detroit, et. al.*, No. 15-cv-10547 (E.D. Mich) (J. Borman) that sought to challenge as unconstitutional the acts, policies, and/or customs of Defendants as alleged herein." (*Id.*, PageID.645.) And Plaintiff brought the present action separately after the court declined to certify that class. (*Id.*) As a result, Plaintiff's counsel is concurrently litigating at least two other cases against the same Defendants. (*See* ECF No. 103, PageID.4362-63.)

Discovery began in May 2019 but did not close until September 2020. (ECF No. 82.) On the day of the dispositive motion deadline, October 23, 2020, two summary judgment motions were filed by the various Defendants. (ECF Nos. 84, 85.) Almost 60 days after the deadline, but before this court considered the currently outstanding summary judgment motions, Defendants filed their joint motion "For Leave to File

Motion to Dismiss Certain Claims as Time Barred" under Federal Rule of Civil Procedure 12(c). (ECF No. 99.) Plaintiff filed a response in opposition and the motion is now fully briefed. (*See* ECF Nos. 102, 103.)

The main thrust of Defendants' proposed Federal Rule of Civil Procedure 12(c) motion is that Plaintiff should be barred from bringing "a backdoor excessive force [during arrest] claim" that he first expressly argued "in his response to [Defendant's] summary judgment." (ECF No. 103, PageID.4362.) Defendants argue that because the excessive force claim, as well as Plaintiff's expressly pleaded Count III, were "not asserted as a class claim in *Davis v. City of Detroit,* No.15-10547 [therefore they are] time barred." (*Id.*) Defendants implicitly acknowledge that they could have brought this statute of limitations argument as part of their now pending motions for summary judgment filed before the dispositive motion deadline. (ECF No. 97, PageID.4234.)

## II. DISCUSSION

Defendants present three reasons for why they should be allowed to bring the proposed Federal Rule of Civil Procedure 12(c) motion after the expiration of the scheduling order's dispositive motion deadline. First, Defendants argue that by the scheduling order's own terms the dispositive motion deadline does not apply to a Rule 12(c) motion because the court's "scheduling order expressly states that 'Dismissal Motions may be filed at any time.'" (*Id.*, PageID.4230 (quoting ECF No. 31, PageID.201).) Second, Defendants argue that the language of Rule 12(c) itself, allowing a motion for judgment on the pleadings to be filed "[a]fter the pleadings are closed but within such time as not to delay the trial," would trump any conflicting requirements implemented by the court's scheduling order. (*Id.*, PageID.4234. (citing Fed. R. Civ. P.

3

12(c)).) Third, in the alternative, Defendants argue that they have demonstrated "good cause" to modify the court's scheduling order under Rule 16(b)(4), and that Plaintiff would not be significantly prejudiced by the late filing. (*Id.*; ECF No. 103, PageID.4361-63.)

Plaintiff disputes each of these rationales. Plaintiff argues (1) that the dispositive motion deadline applies to the proposed Rule 12(c) motion, (2) that Defendants have failed to demonstrate a good cause for modifying the dispositive motion deadline, and (3) that a statute of limitations defense should be brought through a summary judgment motion, not a Rule 12(c) motion for judgment on the pleadings. (ECF No. 102, PageID.4348-56.)

Defendants' interpretation of this court's scheduling order conflicts with its plain meaning. This court's scheduling order explicitly defines the dispositive motion deadline as "[t]he deadline for filing pretrial motions requiring extensive briefing and consideration." (ECF No. 31, PageID.199.) This definition is consistent with the local court rules of the Eastern District of Michigan which defines "dispositive motion," albeit in a slightly different context, as meaning any "*motion for judgment on the pleadings*, for summary judgment, . . . to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, including such a motion directed to fewer than all claims, issues, or parties." E.D. Mich. LR 16.1(f) (emphasis added). Despite the definition, Defendants attempt to argue that a conflict exists within the scheduling order itself because the "motion guidelines" section of the order provides the following information on the "timing of filing:"

> Dismissal Motions may be filed at any time. Summary Judgment Motions usually are filed closely following the end of discovery; those filed much

> earlier often must wait for additional discovery to be completed. In municipal liability cases, motions to dismiss for qualified immunity, if based on pleadings, raise only questions of law and are to be filed before discovery commences.

(ECF No. 31, PageID.201.) When reading this paragraph, given its context in the "motion guidelines" section, it is apparent that the language does not overrule the explicit dispositive motion deadline with regard to "dismissal motions," just as the next sentence does not exempt summary judgment motions from the deadline. The "any time" language means merely that parties have broad latitude regarding the filing of such motions, within the paradigm created by other explicit limitations in the Federal Rules of Civil Procedure and the scheduling order itself. Consequently, the court finds that the filing of a Rule 12(c) motion, almost 60 days after the dispositive motion deadline, would be a violation of the scheduling order.

Defendants next suggest that the dispositive motion deadline created in a Rule 16(b) scheduling order cannot overrule the language of Rule 12(c) requiring that a motion for judgment on the pleadings "must be heard" any time before trial (ECF No. 97, PageID.4234) but precedent indicates this is a misreading of the rule's requirements. Generally speaking, "a district court has broad discretion to manage its own docket." *American Civil Liberties Union of Kentucky v. McCreary County, Ky.*, 607 F.3d 439, 451 (6th Cir. 2010). While the court has not found an instance where the Sixth Circuit directly addressed the issue at bar, at least two other circuits have expressly found that a dispositive motion deadline can be applied to Rule 12(c) motions. *See Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir.1995) ("Rule 12(c) does not restrict the court's discretion under Rule 16(b). . . a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party *complies with the requirements of Rule 16(b)* and if

it will not delay trial.")(emphasis added); *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (applying "Rule 16's fairly stringent" good cause standard when considering a request to file a Rule 12(c) motion after the dispositive motion deadline had passed). And other district courts within this circuit have also adopted the requirement. *See, e.g., Winter Enterprises, LLC v. W. Bend Mut. Ins. Co.*, No. 1:17-CV-360, 2019 WL 3413907, at *2 (S.D. Ohio July 29, 2019) (applying Rule 16(b)'s good cause standard to a party's motions "motion for judgment on the pleadings [filed]. . . over two months after the deadline for dispositive motions"). The court finds that in the present motion Defendants are, in effect, asking the court to modify the dispositive motion deadline and therefore, under Rule 16(b)(4), Defendants must demonstrate "good cause" for allowing the filing of the untimely motion. *See Riggins*, 279 F.3d at 427-28.

While this issue presents a close question, the court concludes Defendants are able to demonstrate "good cause" because of the unique procedural facts of the present case. "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Andretti v. Borla Performance Indus.*, Inc., 426 F.3d 824, 830 (6th Cir. 2005) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "Additionally, when analyzing whether the good cause standard has been satisfied under Rule 16(b)(4), "Courts may also consider other factors such as prejudice to the opposing party in determining whether the good cause standard has been met." Fed. R. Civ. P. 16 cmt., Modification for good cause (1 Fed. R. Civ. P., Rules and Commentary Rule 16, updated Feb. 2016)*.*

Defendants present two main justifications for why they did not move sooner to have the disputed claims dismissed on statute of limitations grounds. First, Defendants

6

argue that Plaintiff's "fail[ure] to [clearly] plead a claim of excessive force in his first amended complaint" meant that Defendants were unaware—until responsive briefing was filed after the dispositive motion deadline—that Plaintiff's Fourth Amendment claim was anything other than an "unreasonable seizure" constitutional claim that had been raised in the original *Davis* class action. (ECF No. 103, PageID.4361 (citing ECF No. 87, PageID.3126-27).) Defendants assert that Plaintiff has still not "clearly stated whether he was raising an excessive force claim" despite appearing to make excessive force arguments in its summary judgment briefing. (*Id.*, PageID.4362.) And, Defendants point out that the same counsel has attempted to bring new excessive force arguments, despite not clearly pleading such claims, in another case spun-off from the *Davis* class action. (*Id.*, PageID.4363.) Second, Defendants argue that good cause exists as to the "Concert of Action/Conspiracy Claim" because Plaintiff's counsel also was the counsel of record in the *Davis* class action and therefore should have known that Plaintiff's claim was barred by the statute of limitations. (*Id.*, PageID.4364.)

  The court agrees that the evolution of Plaintiff's Fourth Amendment unreasonable seizure claim, into what appears to be a de facto Fourth Amendment excessive force claim, in its responsive briefing filed over 30 days after the dispositive motion deadline, means that Defendants did not have a chance to fully respond to the evolving nature of Plaintiff's Fourth Amendment claim. (*See* ECF No. 87, PageID.3126 (arguing that Plaintiff's Fourth Amendment claim was supported by evidence that Plaintiff was "'thrown down to the ground by one of the officers'" and that "while [handcuffed] the officers put a gun 'to the back of [Plaintiff's] head while. . . screaming'")). And Plaintiff's briefing on the present motion still does not directly answer

7

whether Plaintiff is arguing an excessive force claim. (*See* ECF No. 102, PageID.4354 (arguing that the complaint in the *Davis* class action actually included similar allegations about the officer's use of weapons during the allegedly illegal raids)).[2]

The "other factors" considered to determine if "good cause" exists under Rule 16(b) also point heavily in favor of allowing Defendant to file the untimely motion. *See* 1 Fed. R. Civ. P., Rules and Commentary Rule 16, updated Feb. 2016. The unique factual posture of this case means that resolving Defendants' statute of limitations argument now is unlikely to substantially prejudice Plaintiff or delay trial of the case.

First, it should be noted that a defendant's failure to properly argue a statute of limitations defense at summary judgment does not necessarily mean the argument has been forfeited and cannot be reasserted at trial. *See, e.g., Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 299 (6th Cir. 2008) (endorsing the trial court's decision to consider a "statute of limitations defense" as a "'threshold'" question "to be decided before trial" on a Rule 50(a) motion after the court denied a summary judgment motion on the issue as untimely). And, addressing the statute of limitations defense now "will simplify matters at trial and prevent needless confusion for the jury." *See Sampson v. Sisters of Mercy of Willard, Ohio*, No. 3:12 CV 824, 2016 WL 660917, at *2 (N.D. Ohio

---

[2] Defendants' second argument—that Plaintiff brought a Concert of Action/Conspiracy Claim it knew was barred by the statute of limitations—has no bearing on the core inquiry of whether Defendants, as the moving parties, showed "diligence in attempting to meet the case management order's requirements" because Defendants cannot deny they were aware of this claim well before the dispositive motion deadline. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (quotations omitted). Yet, since the same statute of limitations argument applies to both the Fourth Amendment and Concert of Action/Conspiracy claims, in the interest of judicial economy it makes sense for both claims to be addressed in the forthcoming amended summary judgment motion.

Feb. 18, 2016) (granting leave to file a "late" Rule 12(c) motion based on a statute of limitations defense and converting it to a Rule 56 summary judgment motion).

Second, allowing Defendants to raise its statute of limitations defense now will have no bearing on when any claims that survive summary judgment can be tried. The court has not yet adjudicated Defendants' pending summary judgment motions, (*see* ECF Nos. 84, 85.) and due to the Coronavirus pandemic, the court has a backlog of older cases awaiting trial, so the slight delay caused by this extra briefing will not affect when a trial can be scheduled.

Third, Plaintiff is unlikely to bear significant financial costs due to the consideration of the untimely motion by this court. No further discovery is needed for the motion's consideration because the statute of limitations defense is based on publicly available court records. And the same counsel, on both sides, are involved in concurrently litigating a factually analogous case, also spun off from the *Davis* class action, where the court has already granted Defendants leave to file a virtually identical motion. *See Lockard et al. v. City of Detroit et al.,* 2:18 CV 13045 (E.D. Mich. March 5, 2021), ECF No. 110 (granting Defendants' motion to file a late FRCP 12(c) motion). This means that much of the legal—and even factual—research applicable to the statute of limitations issue has already been completed by the same counsel in *Lockard*.

In sum, the court concludes that Defendants have presented the requisite showing of good cause under Federal Rule of Civil Procedure 16(b). Therefore, the court will modify the scheduling order and allow the late motion to be filed. Plaintiff's final objection is that Defendants' proposed motion should not be filed as a Rule 12(c) motion for judgment on the pleadings because the proposed motion relies on outside

facts. (*See* ECF No. 102, PageID.4351-52.) But this issue can simply be avoided by converting Defendants' proposed motion into a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d); s*ee also Sampson,* 2016 WL 660917, at *1.

### III. CONCLUSION

Defendants have demonstrated "good cause" under Federal Rule of Civil Procedure 16(b) for the court to allow the filing of a summary judgment motion based on a statute of limitations defense after the dispositive motion deadline. Accordingly,

IT IS ORDERED that the "Motion for Leave to File Motion to Dismiss Certain Claims as Time Barred" (ECF No. 97) is interpreted as a motion requesting leave to modify the court's scheduling order, and the motion is GRANTED.

IT IS FURTHER ORDERED that Defendants shall file their proposed motion by **May 3, 2021**, as a motion for summary judgment under Rule 56, and Plaintiff shall file a response within normal course.

s/Robert H. Cleland           /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 3, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner           /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\18-13781.FRONTCZAK.Amended.LeaveToFileLateMotion.AAB.docx